IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-02031-BO

JERRY WAYNE SHEPPARD,            )
                                 )
          Petitioner,            )
                                 )    NOTICE OF RELATED CASE,
     v.                          )    MOTION TO RE-CHARACTERIZE,
                                 )    MOTION TO DISMISS
UNITED STATES OF AMERICA,        )
                                 )
          Respondent.            )

Petitioner has filed what he has denominated a petition for Writ of *Coram Nobis*, once again seeking relief from the sentence imposed by the Honorable James Fox in Docket No. 5:09-CR-122-17-F. Yet this case has been assigned a new civil habeas corpus case number and randomly assigned to the Honorable Terrence Boyle. As the Supreme Court held in United States v. Morgan, 346 U.S. 502, 505 n.4 (1954), it is now the accepted practice to treat a petition for writ of error coram nobis as "a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." Furthermore, such a motion "is of the same general character as one under 28 U.S.C. § 2255," which as a rule are assigned to "the judge who conducted the trial and imposed sentence." Id.; Rule 4(a) of the Rules Governing § 2255 Proceedings. Accordingly, for these reasons and in the interest

of judicial economy, the Court in its discretion should consider reassigning this matter to the sentencing Judge for decision.

For these reasons also, Respondent moves the Court to treat the present petition as a motion to vacate under 28 U.S.C. § 2255, and to issue an Emmanuel notice as appropriate. See United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). The writ of error coram nobis is reserved almost exclusively for situations where the Petitioner is not in custody and thus jurisdiction is lacking under § 2255. See, e.g., United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004). In any event, remedies under the All Writs Act are extraordinary and may be resorted to only when § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e); Carlisle v. United States, 517 U.S. 416, 429 (1996) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.").

"Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). The present petition presents a collateral attack on Petitioner's sentence fully cognizable within the framework created by § 2255. Accord Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008). Furthermore, Petitioner has provided no support for any claim that § 2255 is inadequate or ineffective in

2

his case, and "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

Petitioner has filed three prior § 2255 motions to date (Docket Nos. 5:98-CV-747-F; 5:04-CV-558-F; 5:09-CV-94-F), as well as a § 2241 habeas corpus petition raising the same issues presented here (Docket No. 5:08-HC-2035-FL). This Court has already fully considered Petitioner's claims and properly denied him the relief sought. (See DE-1, Exh. E-2.) For these reasons, the writ of error coram nobis is not available to Petitioner, and the present petition should be dismissed as an abuse of the writ, see United States v. Swindall, 107 F.3d 831, 836 n.7 (11th Cir. 1997) ("The abuse of the writ defense applies to a writ of error coram nobis successively brought after a § 2255 motion."), or re-characterized as a motion to vacate pursuant to 28 U.S.C. § 2255.

Even in the event the motion is re-characterized, however, the petition should still be dismissed as a second or successive application. In order to bring a successive § 2255 motion, Petitioner must first receive permission to do so from the United States Court of Appeals for the Fourth Circuit. 28 U.S.C. § 2255(h); In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive

3

or repetitive claims." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

For the preceding reasons, Petitioner's petition for writ of error coram nobis should be re-characterized as a successive motion to vacate pursuant to 28 U.S.C. § 2255 and dismissed for lack of pre-filing authorization.

Respectfully submitted, this 10th day of December, 2009.

                GEORGE E.B. HOLDING
                United States Attorney


                BY:  /s/ Matthew L. Fesak
                     MATTHEW L. FESAK
                Attorney for Respondent
                Assistant United States Attorney
                Civil Division
                310 New Bern Avenue
                Suite 800 Federal Building
                Raleigh, NC 27601-1461
                Telephone:(919) 856-4530
                Facsimile:(919) 856-4821
                Email: matthew.fesak@usdoj.gov
                N.C. Bar # 35276

CERTIFICATE OF SERVICE

I do hereby certify that I have this 10th day of December, 2009, served a copy of the foregoing by placing a copy of the same in the United States Mails or by CM/ECF notification as attached.

Jerry Wayne Sheppard
952 Bragg Blvd.
Fayetteville, NC 28301

BY: /s/ Matthew L. Fesak
MATTHEW L. FESAK
Attorney for Respondent
Assistant United States Attorney
Civil Division
310 New Bern Avenue
Suite 800 Federal Building
Raleigh, NC 27601-1461
Telephone:(919) 856-4530
Facsimile:(919) 856-4821
Email: matthew.fesak@usdoj.gov
N.C. Bar # 35276

5

Case 5:09-hc-02031-BO   Document 9   Filed 12/10/09   Page 5 of 5