IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2031-BO

FILED

JUL 0 1 2010

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | | |
|---|---|---|
| JERRY WAYNE SHEPPARD, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

Jerry Wayne Sheppard is before this court with a motion for relief under the All Writs Act. 28 U.S.C. § 1651. Respondent has filed a "Notice of Related Case, Motion to Re-characterize, Motion to Dismiss." (D.E. # 10) Sheppard sought several extensions of time in which to respond. (D.E. # 13, 15, 17 and 19) The motions were granted (D.E. # 14, 16, 18, and 20); however, the time has run without response. The matter is ripe for determination.

A.  Discussion

Sheppard seeks to vacate his unlawful sentence. (See Pet., p. 1) Respondent had filed a motion to dismiss asserting Sheppard's claims are not cognizable under 28 U.S.C. § 1651 and if if properly construed under 28 U.S.C. § 2255 they are barred as second or successive without authorization from the Fourth Circuit.

Coram nobis relief is unavailable to a person who is in custody, because he has access to the statutory remedies of 28 U.S.C. § 2255. United States v. Brown, 117 F.3d 471, 475 (11th Cir.1997); see also In Re Johnson, 178 F. App'x 207 (4th Cir.2006) (unpublished) ("In his petitions, Johnson asserts that his convictions and sentence are unconstitutional, and seeks an order from this court vacating his convictions and sentence and for other relief. The relief sought by Johnson is not available under § 1651, but is properly pursued through a motion to vacate

pursuant to 28 U.S.C. § 2255 (2000). Because Sheppard "is collaterally attacking his sentence as violating the United States Constitution, the proper avenue of relief is [section] 2255." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). Sheppard has previously filed three § 2255 petitions with this court. (Sheppard v. United States, 5:98-CV-747-F and 5:94-CR-122-17-F; Sheppard v. United States, 5:04-CV-558-F and 5:94-CR-122-17-F; Sheppard v. United States, 5:09-CV-94-F and 5:94-CR-122-17-F). Sheppard has not sought to obtain permission from the Fourth Circuit Court of Appeals to file this successive motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without authorization, the district court lacks jurisdiction to consider Sheppard's second or successive petition. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir.2003). The motion to dismiss is allowed.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a

2

certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

C.  Conclusion

For the above mentioned reasons, the motion to dismiss (D.E. # 10) is GRANTED and the matter is DISMISSED without prejudice. The certificate of appealability is likewise DENIED. All other pending motions are denied as moot (second portion of D.E. # 17).

SO ORDERED, this the __1__ day of July 2010.

TERRENCE W. BOYLE
United States District Judge